HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCES DU JU,

    Plaintiff,

v.

CHWEN-JYE JU,

    Defendant.

Case No. 2:24-cv-000183-RAJ

**ORDER**

## I. INTRODUCTION

THIS MATTER comes before the Court Plaintiff Frances Du Ju's Motion for Alternative Service to serve her former spouse, Defendant Chwen-Jye Ju, by mail. Dkt. # 8. Although the Court has concerns about its ability to assert personal jurisdiction over the Defendant, it is premature to reach that issue. For the reasons below, the Court **GRANTS** the Motion.

ORDER - 1

## II. BACKGROUND

This action involves a couple who ended their marriage in 2000. In 2016, a Washington State court awarded Plaintiff Frances Ju $697,696.08 against Defendant Chwen-Jye Ju for overdue child and spousal support payments dating back to 2003 when Defendant left the United States for Taiwan. The history of the dispute as alleged in the Complaint is summarized below.

On May 25, 2016, the Clark County Superior Court in Washington State issued an Order to Show Cause Judgment ("state court judgment"). *See* Dkt. # 1 at 22-27. The court found that Defendant failed to fully comply with support and maintenance obligations between 2003 and 2013 and completely ceased payments as of July 2013. *See id*. Further, the court determined that Defendant was unwilling to comply and make the payments as he had changed his contact information, including his email address. *See id*. at 23-24. The state court found that Defendant owed Plaintiff hundreds of thousands of dollars for unpaid child support, medical support, maintenance, and interest. *See id.* at 25-27.

On May 16, 2023, with the assistance of the Legal Aid Foundation of Taiwan, Plaintiff Ju filed a Complaint in Taiwan seeking enforcement of the state court judgment. *See id*. at 7-10. On September 19, the Tapei District Court of Taiwan held a hearing for the matter; Defendant Ju failed to appear. *See id*. at 9. On November 28, the court declined to enforce the state court judgment because it determined it was not a final decision. *See* Dkt. # 1 at 10. Plaintiff Ju explained to the judge there that the state court judgment was indeed final and should be enforced by the court. *See id*. Unable to persuade the court, the judge instructed Plaintiff to appeal the decision. *See id*. However, Plaintiff Ju did not pursue an appeal the case due to the costly fees associated with appealing cases in Taiwan. *See id.*

After the courts in Taiwan declined to enforce the judgment, Plaintiff filed in the Western District of Washington seeking enforcement of the state court judgment. Now, Plaintiff Ju moves to serve Defendant Ju by mail at his residence in Taiwan.

### III.   LEGAL STANDARD

Plaintiff's Motion is governed by Federal Rule of Civil Procedure 4(f).  Pursuant to Rule 4(f)(3), alternate service must be (1) directed by the court and (2) not prohibited by international agreement. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  District courts have authorized service by "other means," which include "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id*. at 1015-16. A party does not need to show that all feasible service alternatives have been exhausted before seeking authorization to serve process under Rule 4(f)(3). *Id*. at 1016.  The party only needs to "demonstrate that the facts and circumstances of the … case necessitate[ ] the district court's intervention." *Id*.

The Court has "sound discretion" for "determine[ing] when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id*. "Courts consider a variety of factors when evaluating whether to grant relief under Rule 4(f)(3) including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant." *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co*., No. 2:18-cv-01530, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019).  Ultimately, "[t]he method of service crafted by the district court must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc*., 284 F.3d at 1016-17 (internal quotations and citation omitted).

## IV.   DISCUSSION

Plaintiff Ju requests permission to effectuate service by sending summons and complaint to Defendant Chwen-Jye Ju's known address in Taiwan via First Class Mail. Dkt. # 8.  In light of Plaintiff's unsuccessful attempts to communicate with Defendant over the years, this Court authorizes Plaintiff's request pursuant to Rule 4(f)(3) because it is not prohibited by international agreement and provides Defendant Ju with reasonable notice under the circumstances.

As a preliminary matter, the federal rules require that the form of alternative service requested must not be prohibited by international agreement.  Fed. R. Civ. P. 4(f)(3); *Rio Props., Inc.*, 284 F.3d at 1014.  Defendant Ju is currently a resident of Taiwan.  *See* Dkt. # 1 at 3.  There are no treaties or agreements between Taiwan and the United States regarding service of process.  *Noble Sec., Inc. v. Ingamar Co.*, No. 21-cv-1372, 2021 WL 2012508, at *5 (E.D.N.Y. May 20, 2021) ("Taiwan is not a signatory to the Hague Convention on service of process or any other international agreement that governs service of process ..."). Additionally, among other means, "[s]ervice of process in Taiwan can be effected by international registered mail/return receipt requested." *Taiwan Judicial Assistance Information*, TRAVEL.STATE.GOV, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html#:~:text=Service%20of%20process%20in%20Taiwan,travel%20officer%20at%20the%20AIT. (last updated Nov. 15, 2013).  Consequently, the first requirement that the form of service requested is not prohibited under international agreement is satisfied.

Now, the Court must determine whether the form of service requested is reasonably calculated to apprise the Defendant Ju of the pendency of the action.  *See Rio Props., Inc.*, 284 F.3d at 1016-17.  In doing so, the court has discretion to holistically consider the circumstances surrounding the Plaintiff's request.  *See id.* at 1016.  Here, Plaintiff requests to effectuate service by mail which is the common method of service in

Taiwan. *See* Dkt. # 8. Plaintiff intends to serve Defendant at the address that was used to serve all the documents during the litigation in Taiwan. *See id*. at ¶ 4. Throughout the duration of this litigation history between the parties, in Washington State, Taiwan, and the Western District of Washington, Defendant has acted in an evasive manner. *See generally* Dkt. # 1. Defendant closed down his known e-mail account in 2013. *See* Dkt. # 1 at 24. Despite Plaintiff Ju's attempts to contact Defendant Ju via registered mail to obtain his e-mail address or phone number over the years, he has not responded. *See* Dkt. # 8-1. Seemingly, Defendant Ju did not appear in Washington State to address the outstanding balance of his child and spousal support. *See* Dkt. # 1 at 1-15. Further, despite being represented by counsel, Defendant Ju did not appear in court in Taiwan for the proceedings in 2023. *See id*. at 7-10; see Dkt. # 8 at ¶ 5.

Therefore, under holistic review of the circumstances, the Court finds the proposed method of service is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Rio Props., Inc*., 284 F.3d at 1016–17 (internal quotations and citation omitted). Plaintiff has made reasonable efforts to communicate with Defendant Ju throughout the lifespan of this dispute and has demonstrated that her requested form of service is reasonably suited to apprise the Defendant.

## V. CONCLUSION

The Court reiterates its concerns about its ability to assert personal jurisdiction over the Defendant in Taiwan. However, given the limited relief sought in the instant motion and for the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Alternative Service. Dkt. # 8.

Dated this 17th day of July, 2024.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge